UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARL ROBERTS,

      Plaintiffs,

  - against -

P.O. CHRISTIAN RICH, Shield No. 10156,
P.O. MICHAEL SCHWIMMER, Tax Registration
No. 949642, SERGEANT "JOHN DOE" and
THE CITY OF NEW YORK,

      Defendants.
------------------------------------------------------------X

CV 13-3032

COMPLAINT AND
JURY TRIAL DEMAND

BRODIE, J.

POLLAK, M.J

  Plaintiff, CARL ROBERTS, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION

  1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

  2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

  3. Jurisdiction is founded upon 28 U.S.C. §§1331,1343 and 1367.

  4. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for battery, false arrest and malicious prosecution.

### VENUE

  5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, CARL ROBERTS, was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant P.O. CHRISTIAN RICH, Shield No. 10156 (hereinafter "RICH") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. MICHAEL SCHWIMMER, Tax Registration No. 949642 (hereinafter "SCHWIMMER") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant SERGEANT "JOHN DOE" (hereinafter "DOE") was and is a natural person, employed as a sergeant by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

12. On or about June 5, 2012, this date being within ninety (90) days after the pendent state claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

13. On or about June 20, 2012, plaintiff served upon the Comptroller of the City of New York a supplemental verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

14. More than thirty (30) days have elapsed since the aforementioned verified notices of claim were served and the Comptroller has neglected and refused to make payment of said claims.

15. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

16. The individual defendants are sued in their individual capacities.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

18. On or about March 8, 2012, at approximately 4:45 P.M., plaintiff was lawfully walking near the corner of Lewis Avenue and Chauncey Street in the County of Kings, City and State of New York.

19. At the aforementioned time and place, plaintiff was approached by the individual defendants.

20. The individual defendants were in a New York City Police Department motor vehicle.

21. The individual defendants exited the aforementioned Police Department motor vehicle.

22. One of the individual defendants demanded to know what plaintiff had just put in his pocket.

23. Plaintiff, who had just put a dollar bill in his pocket, informed the individual defendants that he had nothing of significance in his pocket and that they had no right to search his pockets.

24. Defendant DOE asked plaintiff for identification.

25. Plaintiff produced his New York State Benefit card.

26. Defendant DOE expressed dissatisfaction with plaintiff producing this form of personal identification to him.

27. Defendant DOE sat in the aforementioned motor vehicle and began checking plaintiff's identification.

28. Plaintiff's cell phone rang.

29. Plaintiff was expecting a telephone call from his doctor.

30. Plaintiff went to take his cell phone out of the holder on his belt where he kept it.

31. Defendant RICH told plaintiff to put his phone down.

32. Plaintiff responded that it might be his doctor calling.

33. Defendant RICH attempted to grab plaintiff's cell phone.

34. Seeing that it was not his doctor who was calling him, plaintiff put his cell phone back in its case.

35. However, the individual defendants grabbed plaintiff around his neck, lifted him up, and threw him down to the ground.

36. Plaintiff was held down on the ground and handcuffed by the individual defendants.

37. Plaintiff was placed in the aforementioned motor vehicle and was transported to the stationhouse of the 81st Precinct.

38. At the stationhouse, plaintiff explained to a lieutenant the circumstances of his arrest.

39. The lieutenant instructed the individual defendants to take plaintiff to the back of the stationhouse.

40. Plaintiff was taken to the back of the stationhouse, where the handcuffs were removed and he was sat down on a bench.

41. Plaintiff was then put in a cell.

42. After a short period of time, defendant RICH approached plaintiff and told him that the aforementioned lieutenant had ordered that plaintiff be released.

43. However, before he was released, plaintiff was issued a summons by defendant SCHWIMMER, falsely and maliciously charging him with disorderly conduct.

44. On or about March 9, 2012, plaintiff saw a physician who treated him for injuries to his face, his left hand, left elbow and left knee, all of which were a result of his having been thrown to the ground and assaulted by the individual defendants.

45. On or about June 5, 2012, plaintiff appeared before a Judge of the Criminal Court of the City of New York, who dismissed the summons that had been issued to plaintiff.

46. The individual defendants violated plaintiff's right to be arrested only with probable cause, guaranteed to him by the fourth and fourteenth amendments to the

Constitution of the United States, and his right to be free from excessive force, also guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that they, acting under color of state law, without any cause or provocation whatsoever, falsely and maliciously charged plaintiff with disorderly conduct; handcuffed him; and grabbed him around his neck, lifted him up and threw him to the ground, causing injuries to his face, left hand, left elbow and left knee.

47. As a result of the aforementioned acts committed by the individual defendants, plaintiff suffered a loss of his liberty and suffered, and continues to suffer, physical and emotional injuries, received medical treatment for his injuries and incurred medical expenses for the treatment of his injuries.

48. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK
(Battery)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" hereinabove as if more fully set forth at length herein.

50. On or about March 8, 2012, at approximately 4:45 P.M., at or near the corner of Lewis Avenue and Chauncey Street in the County of Kings, City and State of New York, the individual defendants, without probable cause, offensively touched plaintiff by choking him, throwing him to the ground with such force as to cause injury to

his face, left hand, left elbow and left knee, pressing their knees into his back, and handcuffing him.

51.  The aforesaid force used by the individual defendants was not reasonable under the circumstances.

52.  At the aforementioned time and place, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

53.  By reason of the aforementioned acts of battery committed against plaintiff by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, and through no culpable conduct of his own, plaintiff suffered, and continues to suffer, physical and emotional injuries, received medical treatment for his injuries and incurred medical expenses for the treatment of his injuries.

54.  By reason of the aforementioned battery committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK
(False Arrest and False Imprisonment)

55.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" hereinabove as if more fully set forth at length herein.

56. On or about March 8, 2012, at approximately 4:45 P.M., at or near the corner of Lewis Avenue and Chauncey Street in the County of Kings, City and State of New York, without probable cause therefor, the individual defendants forcibly, wrongfully and unlawfully arrested plaintiff, and, against plaintiff's own free will, caused him to be incarcerated for several hours.

57. Defendant SCHWIMMER falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed disorderly conduct, a violation.

58. Plaintiff was falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement in a Police Department motor vehicle and in the stationhouse of the 81st Precinct.

59. At the time they committed the aforementioned acts of false arrest and false imprisonment, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

60. By reason of the false arrest and false imprisonment committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff was deprived of his liberty, suffered and continues to suffered physical and emotional injuries, received medical treatment for his injuries and incurred medical expenses for the treatment of his injuries.

61. By reason of the aforementioned false arrest and false imprisonment committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CTIY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an

additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT SCHWIMMER
### <u>AND THE CITY OF NEW YORK</u>
(Malicious Prosecution)

62.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" hereinabove as if more fully set forth at length herein.

63.    On or about March 8, 2012, at the stationhouse of the 81st Precinct, defendant SCHWIMMER maliciously caused a criminal prosecution to be committed against plaintiff  by his act of falsely and maliciously charging him with disorderly conduct, a violation of the New York Penal Law.

64.    Defendant SCHWIMMER did not have probable cause to charge plaintiff for the offense that he charged him with.

65.    On or about June 5, 2012, the charge against plaintiff was dismissed by a Judge of the Criminal Court of the City of New York.

66.    At the time that defendant SCHWIMMER falsely and maliciously caused the aforementioned prosecution to be commenced against plaintiff, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

67.    By reason of the prosecution maliciously commenced against plaintiff by defendant SCHWIMMER, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff was deprived of his liberty, suffered mental distress and anguish and was forced to defend himself in a criminal proceeding.

68.     As a result of the prosecution maliciously commenced against plaintiff by defendant SCHWIMMER, while he was acting within the scope of his employment defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant SCHWIMMER.

WHEREFORE, plaintiff, CARL ROBERTS, demands judgment against defendants, P.O. CHRISTIAN RICH, Shield No. 10156, P.O. MICHAEL SCHWIMMER, Tax Registration No. 949642, SERGEANT "JOHN DOE" and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

THIRD CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

FOURTH CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant SCHWIMMER.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      May 10, 2013

/s/ Alan D. Levine
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2242